UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEANDRAY B.,[1] | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-2592-JMS-DLP |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

# ORDER

Keandray B. filed this civil action, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), asking this Court to review the denial of his application for supplemental security income. [Filing No. 1.] Upon review, the Court vacated the decision of the Administrative Law Judge ("ALJ") and remanded the case for further proceedings. [Filing No. 16; Filing No. 17.] The Commissioner has filed a Motion to Alter or Amend the Judgment, pursuant to Fed. R. Civ. P. 59(e), [Filing No. 18], which is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

"Rule 59(e) allows a court to alter or amend a judgment only if the [movant] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.
### BACKGROUND

Keandray B. has a history of seizures that are possibly psychogenic in origin. [Filing No. 5-2 at 18.] This Court concluded that, in failing to address whether Keandray B. met or equaled Listing 12.07 for somatic symptoms and related disorders based on these seizures, the ALJ committed legal error that required remand. [Filing No. 16 at 8-9.] In so concluding, the Court acknowledged that "the record does not contain substantial evidence concerning Keandray B.'s mental health history that could be related to the psychogenic seizures." [Filing No. 16 at 9.] The Court also noted that the burden was on Keandray B. to produce evidence of disability. [Filing No. 16 at 9.] However, consistent with the applicable standard of review, the Court refused to engage in a substantive analysis of Listing 12.07 because the ALJ had not done so. [Filing No. 16 at 9-10.] The Court ordered that, on remand, a consultative psychological examination be done related to Keandray B.'s seizures. [Filing No. 16 at 10-12.]

## III.
### DISCUSSION

The Commissioner argues that the Court committed a manifest error of law "by: (1) failing to apply the burden of proof to Plaintiff at Step Three; and (2) ignoring its own finding that 'the record does not contain substantial evidence concerning [Plaintiff's] mental health history that could be related to psychogenic seizures.'" [Filing No. 19 at 1 (alteration in original).] The Commissioner argues that the Court did not address whether Keandray B. met his burden of establishing a *prima facie* case that he meets or equals Listing 12.07, and, had the Court considered

2

the issue, it would have affirmed the ALJ's decision, because the Court "effectively acknowledged that there was not substantial evidence in the record to establish the elements of Listing 12.07." [Filing No. 19 at 2-5.] The Commissioner argues that, instead of concluding that this lack of evidence was determinative, the Court committed a second legal error in concluding that the ALJ was required to specifically point to this lack of evidence to support her decision. [Filing No. 19 at 5.] Specifically, the Commissioner argues, because Keandray B. never met his *prima facie* burden, the ALJ had no obligation to consider Listing 12.07 or to articulate her reasoning for concluding that the listing was not met, and, therefore, did not commit error. [Filing No. 19 at 5-6.] Even if there was an error, the Commissioner asserts, remand is not appropriate because the Court's acknowledgment of the lack of evidence demonstrates that Listing 12.07 was not met and there is no harm resulting from the ALJ's failure to include in her decision a sentence specifically stating that. [Filing No. 19 at 6.]

Keandray B. did not respond to the Commissioner's motion.

The Commissioner repeatedly relies on the Court's statement that "the record does not contain substantial evidence concerning Keandray B.'s mental health history that could be related to the psychogenic seizures," arguing that the Court found there was no evidence in the record that would trigger the application of Listing 12.07 or upon which the ALJ could have considered that listing and concluded that it was met. This, however, is a misapprehension of the Court's decision. The Court did not overlook the fact that the burden is on Keandray B. to prove his disability, including whether he meets or medically equals Listing 12.07. [Filing No. 16 at 3 ("The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner." (citing *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000))); Filing No. 16 at 9 ("The burden is on Keandray B. to produce the necessary evidence of disability and participate

3

in the examinations necessary to inform the disability inquiry." (citing *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008)))].] Instead, the Court noted that the ALJ had expressly concluded that Keandray B. had psychogenic seizures, but then failed to analyze the listing that is expressly applicable to psychogenic seizures, which constituted a legal error. [Filing No. 16 at 8 (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 11.00(H) (psychogenic seizures are analyzed "under the mental disorders body system, 12.00")).] In other words, the evidence showing the existence of seizures—which the ALJ determined were possibly psychogenic in nature—was sufficient to trigger the ALJ's obligation to consider Listing 12.07, and failure to consider that listing was an error requiring remand.

The Court's statement that "the record does not contain substantial evidence concerning Keandray B.'s mental health history that could be related to the psychogenic seizures" did not constitute a finding that Keandray B. did not meet his burden to show that Listing 12.07 could apply. Instead, the Court found that there was no evidence in the record related to mental health treatment or a diagnosis that could have definitively established the psychogenic origin of the seizures, and the Court was acknowledging that such evidence may have more clearly signaled to the ALJ that an analysis of Listing 12.07 was necessary. But again, there is abundant evidence in the record to document that Keandray B. experienced seizures, and after concluding that the seizures were possibly non-epileptic, it was on that evidence—not on evidence of an underlying psychological or mental disease or disorder—that the ALJ should have based her analysis of Keandray B.'s limitations as they relate to Listing 12.07. Indeed, much of the evidence already in the record—such as Keandray B.'s statements about his daily activities and medical records demonstrating the frequency of his seizures—is potentially relevant to the listing analysis.

As the Court pointed out, because the ALJ did not address Listing 12.07 at all in her decision, the Court cannot now consider the factual question of whether Keandray B. has established the limitations necessary to meet that listing. [Filing No. 16 at 9-10 (citing *Phillips v. Astrue*, 413 F. App'x 878, 883 (7th Cir. 2010) ("We confine our review to the reasons offered by the ALJ and will not consider post-hoc rationalizations that the Commissioner provides to supplement the ALJ's assessment of the evidence.").] This conclusion does not relieve Keandray B. of his burden to demonstrate, on remand, that he meets or equals the relevant listing, nor does it express any opinion about whether he will be able to do so. Instead, it merely reflects the recognized limits on this Court's capacity to review decisions by ALJs.

Furthermore, the Court disagrees with the Commissioner's contention that any error committed by the ALJ was harmless and could be corrected by merely adding a sentence to the decision highlighting the alleged lack of evidence in the record. As discussed above, the Court did not conclude that there was no evidence upon which Listing 12.07 could be considered; to the contrary, it concluded that there was evidence in the record demonstrating that Listing 12.07 was in fact the applicable listing. In addition, the Court is not permitted to review conclusions that the ALJ did not draw and cannot make its own factual findings concerning whether the impairments caused by Keandray B.'s seizures meet or equal Listing 12.07. In other words, the remand is not designed to correct a technical error, but to address significant substantive matters not included in the ALJ's previous decision. Given that remand is required, the interests of justice will be served by conducting a consultative psychological examination that will likely produce information that will be helpful to the ALJ's analysis.

## IV.
### CONCLUSION

Based on the foregoing, the Court concludes that relief under Rule 59(e) is not warranted in this case. The Commissioner's Motion to Alter or Amend the Judgment, [18], is **DENIED**.

Date: 4/6/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**